| B. 104 (Rev 8/99) | ADVERSARY PROCEEDING COVER SHEET | Adversary Proceeding Number (For Court Use Only) |
|---|---|---|

**Plaintiff(s)**
Patricia Joyce James
46 Gage Street, #2
Worcester, MA 01605

**Defendant(s)**
CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, BELL ATLANTIC MOBILE OF MASSACHUSETTS CORPORATION, LTD d/b/a VERIZON WIRELESS, and AFNI, INC.

**Attorney(s)** (Firm name, Address and Telephone Number)
Vladimir von Timroth 643553
Aframe, Barnhill, & von Timroth, P.A.
370 Main Street
Suite 975
Worcester, MA 01608
508-756-6940
Fax: 508-753-8219

**Attorney(s)** (if known)

**Party** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

**Cause of Action** (Write a brief statement of cause of action, including all U.S. Statutes involved)
Violation of the Automatic Stay provisions of 11 U.S.C. section 362(h) and Violation of 11 U.S.C. section 524(c).

**Nature of Suit**
(Check the most appropriate box only)

☐ 454 To recover money or property
☐ 435 To determine validity, priority, or extent of a lien or other interest in property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chpt. 11, Chpt. 12 or Chpt. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☒ 498 Other (specify)
Violation of 11 U.S.C. section 362(h) and Violation of 11 U.S.C. section 524(c)

**Origin Of Proceedings** (Check one box only)
☒ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another Bankruptcy Court   ☐ Check if this is a Class Action under F.R.C.P. 23

**Demand** | Nearest Thousand: To be determined | Other Relief Sought | ☐ Jury Demand

**Bankruptcy Case In Which This Adversary Proceeding Arises**

Name of Debtor: Patricia Joyce James
Bankruptcy Case No.: 04-46163-JBR

District in Which Case is Pending: District of Massachusetts, Western Division
Divisional Office:
Name of Judge: Rosenthal

**Related Adversary Proceeding (if any)**

Plaintiff | Defendant | Adversary Proceeding No.
District | Divisional Office | Name of Judge

**Filing Fee** (Check one Box Only)   ☐ Fee Attached   ☒ Fee Not Required   ☐ Fee is Deferred

Date: May 5, 2005
Print Name: Vladimir von Timroth 643553
Signature of Attorney (or Plaintiff): /s/ Vladimir A. von [signature]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>PATRICIA JOYCE JAMES,<br>Debtor | Chapter 7<br>Case #: 04-46163-JBR |
| PATRICIA JOYCE JAMES,<br>Plaintiff,<br>vs.<br><br>CELLCO PARTNERSHIP<br>d/b/a VERIZON WIRELESS, BELL<br>ATLANTIC MOBILE OF<br>MASSACHUSETTS CORPORATION,<br>LTD d/b/a VERIZON WIRELESS, and<br>AFNI, INC.,<br>Defendants. | Adv. Proc. #: |

## COMPLAINT

Patricia Joyce James (hereinafter "Ms. James" and/or the "Plaintiff" and/or the "Debtor"), the Debtor in the above referenced case, through her counsel, Aframe Barnhill & von Timroth, P.A., files this Complaint seeking actual damages, punitive damages, sanctions, injunctive relief, and attorney's fees as this Court may grant against the Defendants, Cellco Partnership d/b/a Verizon Wireless (hereinafter "Cellco Partnership" and/or the "Defendant"), Bell Atlantic Mobile of Massachusetts Corporation, Ltd. d/b/a Verizon Wireless (hereinafter "Bell Atlantic" and/or the "Defendant"), and Afni, Inc. (hereinafter "Afni, Inc." and/or the "Defendant"), and in support of such Complaint respectfully submits to this Court the following:

## NATURE OF THIS ACTION

1. This action is brought by the Plaintiff, on her information and belief, to seek redress for the Defendants' pattern that they have exhibited and practice of collecting and/or attempting to collect debts in violation of the automatic stay.

2. The Plaintiff seeks to recover her actual damages resulting from willful violation of the automatic stay and attorney's fees allowable under 11 U.S.C. §362(h). Furthermore, the Plaintiff seeks imposition of punitive damages on the Defendants pursuant to 11 U.S.C. § 362(h).

3. The Plaintiff also seeks sanctions ands injunctive relief against all the Defendants pursuant to 11 U.S.C. § 105 for violation of the Bankruptcy laws governing reaffirmation agreements.

## JURISDICTION AND VENUE

4. The matters raised by this Adversary Proceeding Complaint are core proceedings.

5. This Court has jurisdiction over this matter under 28 U.S.C. §157(b) and 1334(b) and 11 U.S.C. §§ 362, 524, and 105 as well as the automatic order of reference pursuant to Rule 201 of the Local Rules of the United States District Court for the District of Massachusetts.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

7. The Plaintiff, Patricia Joyce James, is an individual residing at 46 Gage Street, #2, Worcester, MA 01605.

8. On information and belief the Defendants are:

a) Cellco Partnership d/b/a Verizon Wireless, a Delaware general partnership with its principal place of business at 180 Washington Valley Road, Bedminster, NJ 07921. On information and belief, Cellco Partnership also does business in Massachusetts at 400 Friberg Parkway, Westborough, MA 01581;

b) Bell Atlantic Mobile of Massachusetts Corporation, Ltd. d/b/a Verizon Wireless is a Massachusetts corporation and a wholly owned subsidiary of Cellco Partnership, with its principal place of business at 180 Washington Valley Road, Bedminster, NJ 07921. On information and belief, Bell Atlantic Mobile of Massachusetts Corporation also has a principal place of business in Massachusetts at 400 Friberg Parkway, Westborough, MA 01581; and

c) Afni, Inc., on information and belief, is an Illinois corporation with its principal place of business at 404 Brook Drive, Bloomington, IL 61702-3097.

## FACTUAL ALLEGATIONS

9. On November 3, 2004 (hereinafter the "Petition Date") Ms. James filed her Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Massachusetts, Docket #: 04-46163-JBR.

10. On November 8, 2004, the Bankruptcy Court issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines (hereinafter the "Notice of Bankruptcy").

11. The Debtor listed on her Schedule F the amount of $112.84 owed to Verizon Wireless (hereinafter the "Pre-petition Debt").

12. The Debtor's Schedule F also listed the last four digits of the Debtor's account number with Verizon Wireless.

13. The Notice of Bankruptcy was served on or about November 10, 2004, on Verizon Wireless, P.O. Box 489, Newark, NJ 07101.

14. The Notice of Bankruptcy was also forwarded by electronic transmission on November 9, 2004, to AFNIVZWIRE.COM for Verizon Wireless. The receipt of electronic Notice of Bankruptcy was acknowledged by Afni, Inc.

15. Post Office Box 489 in Newark, NJ 07101 is controlled by Cellco Partnership d/b/a Verizon Wireless.

16. On information and belief, Cellco Partnership received the Notice of Bankruptcy in Ms. James's case on or about November 10, 2004, or shortly thereafter.

17. On information and belief, Cellco Partnership had actual notice of Ms. James's Bankruptcy proceedings no later than November 10, 2004, or shortly thereafter.

18. On information and belief, Cellco Partnership continued or attempted to collect the Pre-petition Debt from Ms. James.

19. On information and belief, Bell Atlantic received the Notice of Bankruptcy in Ms. James's case on or about November 10, 2004, or shortly thereafter.

20. On information and belief, Bell Atlantic had actual notice of Ms. James's Bankruptcy proceedings no later than November 10, 2004, or shortly thereafter.

21. After being notified of Ms. James's Bankruptcy, Bell Atlantic continued or attempted to collect the Pre-petition Debt from Ms. James.

22. On information and belief, Afni, Inc. received the Notice Bankruptcy in Ms. James's case on or about November 9, 2004, or shortly thereafter.

23. On information and belief, Afni, Inc. had actual notice of Ms. James's Bankruptcy proceedings on November 9, 2004 or shortly thereafter.

24. On information and belief, Afni, Inc. continued or attempted to collect the Pre-petition Debt from Ms. James.

25. On information and belief, Afni, Inc. has provided additional notice of Ms. James's Bankruptcy proceedings to Cellco Partnership.

26. On information and belief, Afni, Inc. has provided additional notice of Ms. James's Bankruptcy proceedings to Bell Atlantic.

27. On information and belief, on or about November 14, 2004, Cellco Partnership and/or Bell Atlantic and/or Afni, Inc. sent Ms. James a letter informing her she had an option to reaffirm her Pre-petition Debt with Verizon Wireless. The letter further informed her that after the Petition Date she would be billed by Verizon Wireless only for the charges she incurred after the Petition Date.

28. Despite such promise, Cellco Partnership and/or Bell Atlantic continued to bill Ms. James for her Pre-petition Debt.

29. Cellco Partnership and/or Bell Atlantic and/or Afni, Inc., despite offering Ms. James an option to reaffirm, had not sent her a reaffirmation agreement.

30. Subsequently, Bell Atlantic and/or Cellco Partnership terminated the services with Ms. James and informed her that they would resume telephone services only if Ms. James paid Bell Atlantic and/or Cellco Partnership her Pre-petition Debt.

31. Only after such payment was made by Ms. James, Bell Atlantic and/or Cellco Partnership resumed their services with Ms. James.

32. After the payment of the Pre-petition Debt and resumption of services, Bell Atlantic and/or Cellco Partnership did not send Ms. James a reaffirmation agreement nor did they file such an agreement with the Bankruptcy Court for approval.

33. Bell Atlantic and/or Cellco Partnership took the benefit of reaffirmation without complying with the Bankruptcy laws governing reaffirmation.

## COUNT I
## (CELLCO PARTNERSHIP)

## WILLFUL VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. §362

34. The Plaintiff incorporates §§ 1 through 33 above.

35. The Defendant, Cellco Partnership, had actual notice that Ms. James had filed her Bankruptcy Petition.

36. The Defendant, Cellco Partnership, had actual notice that the filing of the Bankruptcy Petition by Ms. James operated as an automatic stay pursuant to 11 U.S.C. §362(a).

37. The Defendant, Cellco Partnership, did not seek relief from the automatic stay pursuant to 11 U.S.C. §362(d).

38. On information and belief, the Defendant, Cellco Partnership, willfully undertook actions to collect debt from Ms. James at the time when the automatic stay was in effect.

39. As a result of Cellco Partnership's actions in violation of the automatic stay, Mr. Baker suffered actual damages, including emotional distress and mental anguish, and attorney's fees.

*WHEREFORE*, the Plaintiff respectfully requests this Court to enter judgment in favor of the Plaintiff against the Defendant, Cellco Partnership, on all counts as follows:

    a) Assessing actual damages against the Defendant, Cellco Partnership, for willful violation of the automatic stay;

b) Assessing punitive damages against Defendant, Cellco Partnership, in an amount which this Court deems appropriate for the Defendant Cellco Partnership's willful violation of the automatic stay;

c) Awarding the Plaintiff reasonable attorney's fees and costs; and

d) Granting such other and further relief as this Court deems just and appropriate.

## COUNT II
## (BELL ATLANTIC)

### WILLFUL VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. §362

40. The Plaintiff incorporates §§ 1 through 39 above.

41. The Defendant, Bell Atlantic, had actual notice that Ms. James had filed her Bankruptcy Petition.

42. The Defendant, Bell Atlantic, had actual notice that the filing of the Bankruptcy Petition by Ms. James operated as an automatic stay pursuant to 11 U.S.C. §362(a).

43. The Defendant, Bell Atlantic, did not seek relief from the automatic stay pursuant to 11 U.S.C. §362(d).

44. On information and belief, the Defendant, Bell Atlantic, willfully undertook actions to collect debt from Ms. James at the time when the automatic stay was in effect.

45. As a result of Bell Atlantic's actions in violation of the automatic stay, Ms. James suffered actual damages, including emotional distress and mental anguish, and attorney's fees.

*WHEREFORE*, the Plaintiff respectfully requests this Court to enter judgment in favor of the Plaintiff against the Defendant, Bell Atlantic, on all counts as follows:

a) Assessing actual damages against the Defendant, Bell Atlantic, for willful violation of the automatic stay;

b) Assessing punitive damages against Defendant, Bell Atlantic, in an amount which this Court deems appropriate for the Defendant Cellco Partnership's willful violation of the automatic stay;

c) Awarding the Plaintiff reasonable attorney's fees and costs; and

d) Granting such other and further relief as this Court deems just and appropriate.

## COUNT III
## (AFNI, INC.)

### WILLFUL VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. §362

46. The Plaintiff incorporates §§ 1 through 45 above.

47. The Defendant, Afni, Inc., had actual notice that Ms. James had filed her Bankruptcy Petition.

48. The, Defendant Afni, Inc., had actual notice that the filing of the Bankruptcy Petition by Ms. James operated as an automatic stay pursuant to 11 U.S.C. §362(a).

49. The Defendant, Afni, Inc., did not seek a relief from the automatic stay pursuant to 11 U.S.C. §362(d).

50. On information and belief, the Defendant, Afni, Inc., willfully undertook actions to collect debt from Ms. James at the time when the automatic stay was in effect.

51. As a result of Afni, Inc.'s actions in violation of the automatic stay, Ms. James suffered actual damages, including emotional distress and mental anguish, and attorney's fees.

*WHEREFORE*, the Plaintiff respectfully requests this Court to enter judgment in favor of the Plaintiff against the Defendant, Afni, Inc., on all counts as follows:

a) Assessing actual damages against the Defendant, Afni, Inc., for willful violation of the automatic stay;

b) Assessing punitive damages against Defendant, Afni, Inc., in an amount which this Court deems appropriate for the Defendant Cellco Partnership's willful violation of the automatic stay;

c) Awarding the Plaintiff reasonable attorney's fees and costs; and

d) Granting such other and further relief as this Court deems just and appropriate.

## COUNT IV
## (ALL DEFENDANTS)

## WILLFUL VIOLATION OF 11 U.S.C. § 524(c)

52. The Plaintiff incorporates §§ 1 through 51 above.

53. The Plaintiff further states, on information and belief, that by ignoring and willfully violating specific Bankruptcy Code provisions governing and limiting permissible post-petition reaffirmation of debt, the Defendants violated 11 U.S.C. § 524(c).

*WHEREFORE*, the Plaintiff requests that this Court enter judgment in favor of the Plaintiff as follows:

a) Declaring that the Defendants' conduct, as detailed above, violates the Bankruptcy Code, 11 U.S.C. § 524(c);

b) Ordering the Defendants, their agents, employees, and all other

persons in active concert and participation with the Defendants to immediately refund to the Debtor all payments made under such improperly obtained and unenforceable agreements;

    c) Assessing exemplary or punitive damages against the Defendants in an amount which this Court determines to be appropriate for the Defendants' willful violations of the Bankruptcy Code;

    d) Awarding the Plaintiff her reasonable attorney's fees and costs; and

    e) Granting such other and further relief as this Court deems just and appropriate.

PATRICIA JOYCE JAMES, by her attorney:

/s/ Vladimir von Timroth

Vladimir von Timroth, Esq., BBO #643553
Carl D. Aframe, Esq., BBO #012780
Aframe, Barnhill, & von Timroth P.A.
370 Main Street, Suite 975
Worcester, MA 01608
(508) 756-6940
(508) 753-8219 Fax
vontimroth@aframebarnhill.com

Dated: 5/5/05